UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-50598
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARTEMIO RODRIGUEZ, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas
(SA-96-CR-202-1)
_____

July 11, 1997

Before JONES, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

        Appellant Artemio Rodriguez hopes to avoid prosecution
for presenting a false government document, i.e. a false vehicular
liability insurance form, to a federal police officer, by asserting
double jeopardy.  He has already paid a fine for conduct involving
the same transaction.  Like the magistrate judge and district
court, however, we conclude that the fine was paid for a different
offense, driving without liability insurance.  The motion to

_____

        [*] Pursuant to 5th Cir. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5th Cir. R. 47.5.4.

dismiss the misdemeanor information on double jeopardy grounds was properly denied.

Contrary to the government's argument, this court has appellate jurisdiction. United States v. Reyes, 87 F.3d 676, 677-78 (5th Cir. 1996).

There is little to say about this appeal. Rodriguez reads his traffic citation, issued February 16, 1996 at Brooks AFB, Texas, to charge him with having a "false insurance card" based on the charging officer's notation on the traffic ticket. The citation also states, however, "no proof of insurance" and references a violation of Texas statute Art. 6701h, § 1c, which corresponds to no proof of liability insurance. The trial court and district court found that Rodriguez paid his first fine for the latter violation; they were not clearly erroneous in so construing the citation.

Not carrying proof of liability insurance is a separate offense from producing a false proof of insurance form, the misdemeanor offense with which Rodriguez is here charged. There is no double jeopardy problem. Moreover, Rodriguez's complaint that the law had changed from Art. 6701h § 1c at the time of his offense will not help him. First, he has already paid that fine; that is not the charge presently on appeal. Second, if it is cognizable, he raised this issue for the first time on appeal. Under the plain error standard, there is no basis for relief because, even if the officer should have cited the then-newly-codified provision, Texas Transp. Code § 601.191(a), it is basically the same offense.

2

The orders of the lower courts refusing to dismiss this information are <u>AFFIRMED</u>.